UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-774-JAK (KK) | Date | May 26, 2015 |
|---|---|---|---|
| Title | Larry D. James v. Christine Spencer, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed

On April 20, 2015, Plaintiff Larry D. James, a California state prisoner proceeding *pro se*, filed a civil rights Complaint and a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On May 21, 2015, after Plaintiff provided the requisite documentation, the Court granted the request to proceed IFP. ECF No. 7. The Court has screened the Complaint and finds it improperly challenges the validity of Plaintiff's California state conviction. Thus, Plaintiff is ordered to show cause why this action should not be dismissed with prejudice for failure to state a claim on which relief may be granted.

In the Complaint, Plaintiff sues the San Bernardino County Superior Court Clerk, Christine Spencer, and two members of the San Bernardino County District Attorney's Office, Bobbie Mann and Michael A. Ramos. ECF No. 1 at 1-2. In 2009, Plaintiff was convicted, in San Bernardino County Superior Court, of sex with a child under 10 years of age, and sentenced to a term of 25 years to life in prison.[1] Id. at 8. Plaintiff alleges the

---

[1] The Court takes judicial notice that Plaintiff previously attempted to challenge this conviction through a federal habeas corpus proceeding, which this Court dismissed as untimely on June 6, 2013. See James v. Long, Case No. 5:12-1681-JAK-MAN, 2013 WL 2456501 (C.D. Cal. 2013). A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-774-JAK (KK) | Date | May 26, 2015 |
|---|---|---|---|
| Title | Larry D. James v. Christine Spencer, et al. | | |

Defendants illegally amended and "forged" the information under which Plaintiff was charged. Id. at 1-2. The only relief Plaintiff seeks is for this Court to "void the Amended Information." Id. at 1. Thus, Plaintiff challenges the validity of his criminal conviction.

A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (citation omitted). A state prisoner's civil rights action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," except where the prisoner's conviction has already been invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). Because the Complaint challenges the validity of Plaintiff's conviction, and because the conviction has not already been invalidated, this action is barred.

Plaintiff is therefore ORDERED TO SHOW CAUSE within **14 days** of the date of this Order why the Court should not dismiss his Complaint. As an alternative, Plaintiff may, within **14 days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed with prejudice.

---

and internal quotation marks omitted).